Filed 5/26/16  P. v. Sigler CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B266743 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA099610) |
| v. | |
| BRIAN VINCENT SIGLER, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.   Wade Olson, Commissioner.  Reversed and Remanded.

_____

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Mary Sanchez and Paul S. Thies, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Appellant, Brian Vincent Sigler appeals from the trial court's denial of his application under Penal Code section 1170.18, subdivision (f),[1] to have his felony conviction of second degree commercial burglary reclassified as a misdemeanor under Proposition 47, the Safe Neighborhood and Schools Act. The parties agree, as do we, that the trial court erred in refusing to rule on his application based on the mistaken belief that another judge had already denied appellant's request for reclassification of his conviction. Accordingly, we reverse and remand to the court to consider Sigler's section 1170.18, subdivision (f) application.

## FACTUAL AND PROCEDURAL BACKGROUND

In June 2012, appellant purchased two computer hard drives from a Target store at a total price of approximately $200. Appellant disassembled the hard drives, removed the internal parts, replaced them with used components and then returned the merchandise to the store for a full refund.[2] Appellant was arrested, and in October 2012, he was charged with second-degree commercial burglary (§ 459).[3] In January 2013, appellant pleaded no contest to the charge and admitted the special allegations. The court sentenced appellant to 32 months in state prison and awarded him 18 days of presentence custody credit.

On December 16, 2014, while serving his sentence, appellant filed a petition in the superior court to recall his sentence and resentence him under section 1170.18, subdivision (a).[4] The court denied appellant's petition, finding that "[t]his is a 459. And

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

[2] The circumstances of appellant's crime are described in the probation and sentencing report.

[3] The information further alleged that appellant had a prior strike conviction and had served prior prison terms.

[4] Section 1170.18, subdivision (a) provides, in pertinent part: "A person currently serving a sentence for a conviction . . . who would have been guilty of a misdemeanor under [Proposition 47] . . . had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing." (§ 1170.18, subd. (a).)

2

according to our folks 459's are prospective."[5]  On July 29, 2015, after he completed his sentence, appellant filed an application to designate his felony conviction as a misdemeanor under section 1170.18, subdivision (f).[6]  The trial court refused to decide the merits of the application, observing that another judge had already ruled on it.  The court took the matter off calendar, explaining that he could not set aside the previous ruling.

Appellant timely appeals.[7]

## DISCUSSION

Appellant contends, the Attorney General concurs, and we agree that the trial court erred when it refused to rule on the merits of appellant's section 1170.18, subdivision (f) application based on the conclusion that another judge had already decided the matter.

Proposition 47 makes certain drug and theft-related felony offenses misdemeanors. Section 1170.18, a sentencing statute that Proposition 47 added to the Penal Code, provides two distinct remedies to a person seeking reclassification of a felony conviction as a misdemeanor depending on whether the person seeking relief is serving or has completed the sentence for the conviction.  When the person is *currently* serving the sentence, section 1170.18, subdivision (a) governs.  If the trial court determines subdivision (a) criteria are satisfied, the felony sentence is recalled, and the person is resentenced to a misdemeanor unless the trial court determines that resentencing the

---

[5]  Appellant did not file an appeal of the order denying his section 1170.18, subdivision (a) petition.

[6]  Section 1170.18, subdivision (f) provides, in pertinent part:  "A person who has completed his or her sentence for a conviction . . . who would have been guilty of a misdemeanor under [Proposition 47] . . . had this act been in effect at the time of the offense, may file an application before the trial court . . . to have the felony conviction or convictions designated as misdemeanors." (§ 1170.18, subd. (f).)

[7]  Although the trial court ordered that the application be taken off calendar rather than ruling on its merits, the legal effect of the court's decision constituted a denial of the application, and thus, we treat the ruling as an appealable order.   (See *American Advertising & Sales Co. v. Mid-Western Transport* (1984) 152 Cal.App.3d 875, 877 fn. 1 [where order taking motion off calendar results in the final determination of party's rights, appellate court may treat ruling as appealable].)

3

person would pose an unreasonable risk of danger to public safety.  (See § 1170.18, subd. (b).)[8]

In contrast, where the person has *completed* the sentence, section 1170.18 subdivision (f) applies.  If the trial court determines subdivision (f) is satisfied, "the court shall designate the felony offense or offenses as a misdemeanor."  (§ 1170.18, subd. (g).) The person obtaining relief under section 1170.18, subdivision (f) is not resentenced and is not subject to the one-year parole term under subdivision (d).

Here because appellant had completed his sentence, section 1170.18, subdivision (f) authorized his application to redesignate his commercial burglary conviction as a misdemeanor.  Nonetheless, the trial court mistakenly assumed that appellant was seeking reconsideration of the order denying his subdivision (a) petition. Appellant did not, however, seek to revisit the trial court's prior conclusion on the "prospective" application of section 1170.18, subdivision (a) relief.  His application under subdivision (f), was distinct from his prior petition for recall and resentencing under subdivision (a); the application sought different relief under a separate subdivision of the statute.  In addition, as the Attorney General properly acknowledges, nothing in the Proposition 47 sentencing scheme or about the circumstances here, prohibited appellant from requesting relief under subdivision (f) even though he had previously sought relief under subdivision (a).  Consequently, the trial court erred when it refused to rule on the merits of appellant's subdivision (f) application.

---

[8] A person resentenced under 1170.18, subdivision (a) may also be subject to a one-year parole term as described in 1170.18, subdivision (d).  (Pen.Code, § 1170.18, subd. (d).)

## DISPOSITION

The order is reversed, and the matter is remanded to the trial court to consider the merits of appellant's section 1170.18, subdivision (f) application.

NOT TO BE PUBLISHED.


ROTHSCHILD, P. J.

We concur:


JOHNSON, J.


LUI, J.